LEWIS AND ROCA LLP — LAWYERS

40 North Central Avenue
Phoenix, Arizona 85004-4429
Telephone: (602) 262-5311

Emily S. Cates, State Bar No. 022703
Direct Dial: 602 262-5757
Direct Fax: 602 734-3947
EMail: ECates@LRLaw.com

Katherine Roush*
Reilly Pozner LLP
511 Sixteenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
kroush@rplaw.com
 *Attorney in process of applying for
  Pro Hac Vice admission

Attorneys for Plaintiff
Lehman Brothers Holdings, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Lehman Brothers Holdings, Inc., a Delaware Corporation, <br><br>  Plaintiff, <br><br> vs. <br><br> Security Mortgage Corporation, an Arizona Corporation <br><br>  Defendant. | No. <br><br> **COMPLAINT** |

Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") by and through its undersigned attorneys, and for its causes of action against Defendant Security Mortgage Corporation ("Security"), states and alleges as follows:

**NATURE OF ACTION**

1.  From 2004 until 2007, Lehman Brothers Bank, FSB ("LBB," and collectively with LBHI, "Lehman") purchased mortgage loans from Security pursuant to a series of written contracts. LBB subsequently assigned its rights under those contracts to LBHI. With respect to certain of these mortgage loans, Security breached representations, warranties and covenants as well as other provisions of the contracts that required it to repurchase from Lehman mortgage loans for which the borrower failed to make payments on the mortgage. By this action, LBHI seeks to: (a) compel Security, pursuant to the terms of the contracts, to repurchase mortgage loans that Lehman

purchased and (b) recover money damages where repurchase is not a viable option or does not offer complete relief for injuries that have been sustained. As a result of Security's contractual breaches, LBHI currently estimates its losses at $781,002.46 excluding interest, fees and costs.

**PARTIES**

2. LBHI is a Delaware corporation, incorporated under the laws of the State of Delaware in 1983, with its principal place of business in New York. For purposes of diversity, LBHI is thus deemed to be a citizen of Delaware and a citizen of New York.

3. Security is an Arizona corporation, incorporated in Arizona in 1997, with its principal place of business in Phoenix, Arizona. For purposes of diversity, Security is thus deemed to be a citizen of Arizona.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff LBHI and Defendant Security, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Security resides in Phoenix, Maricopa County, Arizona.

**FACTUAL ALLEGATIONS**

6. Lehman engages in the purchase and sale of mortgage loans.

7. Security engages in mortgage lending, as well as the sale of mortgage loans in the secondary market to investors such as Lehman.

8. On August 5, 2004, Security entered into a written Loan Purchase Agreement with LBB (the "Agreement"). The Agreement specifically incorporated the terms and conditions of the "Seller's Guide" of Lehman's agent Aurora Loan Services LLC ("Aurora"), which sets forth additional duties and obligations of Security.

9. The Agreement and the Seller's Guide set forth the duties and obligations of the parties with respect to the purchase and sale of mortgage loans, including but not limited to purchase price, delivery and conveyance of the mortgage loans and mortgage

loan documents, examination of mortgage loan files and underwriting, representations and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

10. Security sold a number of mortgage loans to LBB under the Agreement and Seller's Guide, including the four loans listed on **Exhibit A**, attached hereto and incorporated by reference herein.

11. Subsequent to such sales, LBB assigned all of its rights and remedies under the Agreement and Seller's Guide to LBHI. The Agreement and Seller's Guide specifically provided for such assignment.

**Representations, Warranties and Covenants**

12. With respect to each of the loans that Security sold to LBB under the Agreement and Seller's Guide, Security made a number of representations, warranties and covenants including, without limitation:

(a) the validity of all mortgage loan documentation;

(b) the accuracy and integrity of all information and documentation regarding borrower identity, income, employment, credit, assets, and liabilities used in making the decision to originate the mortgage loans;

(c) occupancy by the borrower of the property securing the mortgage loan;

(d) the ownership, nature, condition, and value of the real property securing the respective mortgage loans; and

(e) the conformance of the mortgage loans with applicable underwriting guidelines and loan program requirements.

13. Security also represented and/or warranted that no error, omission, misrepresentation, negligence, fraud, or similar occurrence took place with respect to the mortgage loans by any person involved in the origination of the mortgage loans, and that no predatory or deceptive lending practices were used in the origination of the mortgage loans.

2049938.1

14. With respect to itself, Security represented and/or warranted that it had the ability to perform its obligations under and satisfy all requirements of, the Agreement and Seller's Guide.

15. With respect to certain mortgage loans that LBB purchased from Security, Lehman discovered material problems including that Security had breached various representations, warranties and/or covenants under the Agreement and Seller's Guide, including but not limited to those set forth in paragraphs 12 and 13 above.

16. More specifically, with respect to loan number 4 on **Exhibit A**, Security breached one or more of the representations, warranties and/or covenants under the Agreement and Seller's Guide.

17. LBHI, through its agent, provided Security with written notice concerning Security's various breaches of the representations and warranties with respect to the loan referenced in paragraph 16 above.

18. The Agreement and Seller's Guide provided that in the event of a breach of the representations, warranties, and/or covenants, LBHI or its agent may demand that Security repurchase the loan and/or indemnify Lehman, and Security shall repurchase the loan at a certain repurchase price and/or indemnify Lehman. LBHI, through its agent, has demanded that Security repurchase the mortgage loan referenced in paragraph 16 above at the specified repurchase price.

19. Security has refused, and continues to refuse, to repurchase the mortgage loan, to indemnify Lehman, or otherwise comply with its obligations under the Agreement and Seller's Guide with respect to the loan referenced in paragraph 16 above.

### Early Payment Defaults

20. The Agreement and Seller's Guide further specified that LBHI or its agent may demand that Security repurchase and that Security shall repurchase, mortgage loans that become "Early Payment Defaults."

21. A loan becomes an Early Payment Default under the Agreement and Seller's Guide in one of two ways. First, for loans prior-approved by the purchaser, the

1  loan becomes an Early Payment Default if the borrower fails to make the first monthly
2  payment due within 30 days of the payment's due date.  Second, for loans purchased
3  pursuant to the seller's delegated underwriting authority, eligible for delegated
4  underwriting, or purchased in bulk transactions, the loan becomes an Early Payment
5  Default if the borrower fails to make the first or second monthly payment due within 30
6  days of each such monthly payment's respective due date.  Security received delegated
7  underwriting authority before it sold the loans in question.

   22.    Certain loans that Lehman purchased from Security became Early Payment Defaults.  More specifically, with respect to the loans numbered 1 through 3 on **Exhibit A**, the borrower failed to make the first and/or second payment within 30 days of the due dates for those payments.

   23.    LBHI, through its agent, provided Security with written notice concerning the fact that the loans referenced in paragraph 22 above became Early Payment Defaults and demanded that Security repurchase those mortgage loans.

   24.    Security has refused, and continues to refuse, to repurchase the mortgage loans, to indemnify Lehman, or otherwise comply with its obligations under the Agreement and Seller's Guide with respect to the loans referenced in paragraph 22 above.

### FIRST CLAIM FOR RELIEF
(Breach of Contract – Damages)

   25.    LHBI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

   26.    The Agreement and incorporated Seller's Guide is a valid and enforceable contract that is binding upon Security.

   27.    LBB, LBHI, Lehman's agents, and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreement and Seller's Guide.

   28.    As set forth herein, Security has breached the Agreement and Seller's Guide by (a) breaching the representations, warranties and/or covenants, (b) refusing or

2049938.1





otherwise failing to repurchase the mortgage loans affected by the breached representations, warranties, and/or covenants, and/or refusing to indemnify Lehman, and (c) refusing or otherwise failing to repurchase the mortgage loans that have become Early Payment Defaults, and/or refusing to indemnify Lehman.

29.  With regard to the mortgage loans that Security has failed to repurchase and/or indemnify, Security's breaches of the Agreement and Seller's Guide resulted in actual and consequential damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

(Breach of Contract – Specific Performance)

30.  LHBI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

31.  In the alternative to damages, LBHI seeks specific performance.

32.  The Agreement and incorporated Seller's Guide constitute a valid and enforceable contract that is binding upon Security.

33.  The contractual repurchase provisions are definite.

34.  The Agreement and Seller's Guide are just and reasonable.

35.  LBB, LBHI, Lehman's agents, and any and all assignees of Lehman's rights have substantially performed all of their obligations under the Agreement and Seller's Guide.

36.  As set forth herein, Security has breached the Agreement and Seller's Guide by (a) breaching the representations, warranties, and/or covenants, (b) refusing or otherwise failing to repurchase the mortgage loans affected by the breached representations, warranties and/or covenants, and/or refusing to indemnify Lehman, and (c) refusing or otherwise failing to repurchase the mortgage loans that have become Early Payment Defaults, and/or refusing to indemnify Lehman.

37.  Due to the unique and specific nature of mortgage loans intended for securitization and the real property securing the mortgage loans, LBHI has no adequate

remedy at law for redress of Security's breaches of the representations and/or warranties and its obligation to repurchase loans that have become Early Payment Defaults.

38.  LBHI is therefore entitled to an Order of this Court requiring specific performance by Security of its repurchase obligations under the Agreement and Seller's Guide.

### THIRD CLAIM FOR RELIEF

(Breach of Express Warranty)

39.  LHBI hereby repeats and realleges the above allegations of this Complaint as if fully set forth herein.

40.  The Agreement and the Seller's Guide constitute a valid and enforceable contract that is binding upon Security.

41.  With regard to each of the mortgage loans sold to Lehman under the Agreement and Seller's Guide, Security made a number of express warranties with respect to material facts concerning the loans as set forth in paragraphs 12 and 13 above.

42.  The express warranties contained in the Agreement and Seller's Guide were part of the basis of the bargain between Lehman and Security.

43.  Security breached such express warranties for the loan numbered 4 on **Exhibit A**.

44.  LBHI, through its agent, provided Security with timely written notice concerning Security's breaches of the express warranties.

45.  Security refused or failed to take adequate steps to remedy or to compensate Lehman for Security's breaches of the express warranties.

### PRAYER FOR RELIEF

WHEREFORE, LBHI respectfully requests that this Court enter judgment in their favor and against Security, as follows:

(a)  For all damages arising from or relating to Security's breaches of contract and express warranty, in an amount to be proved at trial;

2049938.1

   (b)    In the alternative, for a decree of specific performance requiring Security to immediately repurchase all of the mortgage loans identified in **Exhibit A** pursuant to the Agreement and Seller's Guide;

   (c)    For an Order of this Court declaring that:

        (i)    Security is required to repurchase immediately from LBHI the mortgage loans identified in **Exhibit A**.

        (ii)    Security is required to compensate LBHI immediately for all actual and consequential damages resulting from Security's breaches of the representations, warranties and/or covenants and Early Payment Default provisions of the Agreement and Seller's Guide.

   (d)    For recoverable interest, including pre-judgment and post-judgment interest;

   (e)    For attorneys' fees and costs in the event of default;

   (f)    For the costs and expenses of suit incurred by LBHI herein, including attorneys' fees and costs as provided in the Seller's Guide and to the extent authorized by applicable law, including but not limited to A.R.S. § 12-341.01(A); and

   (g)    For such other relief as this Court deems just and proper.

DATED this 11th day of June, 2009.

LEWIS AND ROCA LLP

By /s/ Emily S. Cates
Emily S. Cates
Attorneys for Plaintiff
Lehman Brothers Holdings, Inc.

2049938.1